(Decided 30th June, 1880.)

# DELAWARE STATE FIRE AND MARINE INSURANCE COMPANY *vs.* JAMES K. GILLETT.

*Jurisdiction in Equity to reform a Written Contract—Case of a bill to reform a Policy of insurance, where through Mistake it was not expressed in the Policy that the property insured stood upon Leased ground.*

Where an action arises upon a written contract, which from mistake or fraud does not express the actual agreement of the parties, it is a matter peculiarily within the jurisdiction of a Court of equity to reform such contract, and to grant relief in accordance with the intention of the parties.

An Insurance Company through its general agent, insured certain property of A. standing upon leased ground. The agent himself made application for the insurance. A. stated to him that the property stood on leased ground, and the amount of the rent; and it was understood between them that the property was to be so described in the policy. Through inadvertence or mistake on the part of the agent, it was not so described, and the omission was not discovered by A. until after a loss was incurred under the policy. A. filed a bill against the company for a reformation of the policy and the payment of the loss insured. Upon demurrer to the bill, it was HELD:

That the fact that the complainant might have enforced the payment of the loss on the property insured, in an action at law on the policy, was no answer to the exercise of jurisdiction by a Court of equity, upon the facts stated in the bill.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*R. Emmett Jones,* for the appellant.

*James W. Denny,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an application to a Court of Equity, to reform a fire policy, and to enforce the payment of losses sustained by the property insured.

The bill alleges that the general agent of the company made application in person to insure complainant's mill, engine and machinery, and after some conversation in regard to the value of the risk, he agreed in consideration of forty dollars to issue a policy insuring the property against loss by fire for one year.

That in pursuance of this agreement, the agent on the 20th June, 1877, made out the policy and mailed it to the complainant in Norfolk, Virginia, and that whilst the policy was in force the property was destroyed by fire.

That the agent was informed by the complainant that the building stood on leased ground, and was also informed in regard to the annual ground rent paid on account of same, and it was understood between them that the property was to be so described in the policy.

That owing to some inadvertence or mistake on the part of the agent, it was not described as leasehold prop-

Delaware State Fire & Marine Ins. Co. *vs.* Gillett.

erty in the policy,—that this mistake was not discovered by the complainant until after the loss of the property by fire, and that the company now refuses to pay the loss sustained by the property thus insured, because it is not correctly described in the policy.

The defendant demurs to the jurisdiction of the Court on the ground that the complainant had a full and adequate remedy at law.

Courts of equity, it is true, will not as a general rule grant relief where the party has a full, adequate and certain remedy at law.

But where the action arises upon a written contract which, from mistake or fraud, fails to express the actual agreement of the parties, it is a matter peculiarly within the jurisdiction of a Court of equity to reform such contract, and to grant relief in accordance with the intention of the parties.

The fact, therefore, that the complainant might have enforced the payment of the loss to the property insured in an action at law, on the policy, is no answer to the exercise of jurisdiction by a Court of equity upon the facts stated in this bill. Nor are we prepared to admit that his remedy at law would have been as *certain* and *adequate* in all respects as in a Court of equity.

The defence set up in the answer being the same in all respects as that relied on in the *Ben Franklin Insurance Company vs. Gillett, supra page* 212, we shall for the reasons assigned in that case, affirm the decree below.

*Decree affirmed.*

(Decided 30th June, 1880.)